UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
S OFFICE

24 P 1: 26

DISTRICT COURT
OF MASS

ERIC E. BEASLEY,

     Plaintiff,

v.

ARAMARK UNIFORM AND CAREER
APPAREL, INC., and JAY HESS, JR.,

     Defendants

Civil Action No. 05-cv-10496-NMG

## LOCAL RULE 81.1 STATEMENT

Pursuant to Local Rule 81.1 of the United States District Court for the District of
Massachusetts, attached as Exhibit A are certified copies of the docket entries and all filings in
the matter of Beasley v. WearGuard Corporation, Inc., et al.., No. 05-0225 in the docket of the
Superior Court of the Commonwealth of Massachusetts for Plymouth County.

> ARAMARK   UNIFORM   &   CAREER
> APPAREL, INC., and JAY HESS, JR.
> Defendants,
> By their attorneys,
>
> Timothy P. Van Dyck (BBO No. 548347)
> Brian H. Lamkin (BBO No. 635688)
> EDWARDS & ANGELL, LLP
> 101 Federal Street
> Boston, MA  02110
> (617) 439-4444
> (617) 439-4170 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of March, 2005, I caused a copy of the foregoing to be served by first-class mail on Kevin B. Callanan, Law Office of Kevin B. Callanan, 17 Accord Park Drive, Suite 101, Norwell, Massachusetts 02061, counsel for Plaintiff.

Brian H. Lamkin (BBO No. 635688)

     BOS 482588 1/BLAMKIN

# EXHIBIT A

## Commonwealth of Massachusetts
### PLYMOUTH SUPERIOR COURT
#### Case Summary
#### Civil Docket

FILED
EMS OFFICE

## PLCV2005-00225
### Beasley v Wearguard Corporation Inc et al

0 24 2 1: 26

| | | | | |
|---|---|---|---|---|
| **File Date** | 02/24/2005 | **Status** | Disposed: transfered to other court (dtrans) | |
| **Status Date** | 03/16/2005 | **Session** | A - Civil A - CtRm 5 (Brockton) | |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination | |
| **Lead Case** | | **Track** | F | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 05/25/2005 | **Answer** | 07/24/2005 | **Rule12/19/20** | 07/24/2005 |
| **Rule 15** | 07/24/2005 | **Discovery** | 12/21/2005 | **Rule 56** | 01/20/2006 |
| **Final PTC** | 02/19/2006 | **Disposition** | 04/20/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Eric E Beasley
Active 02/24/2005

**Private Counsel 070620**
Kevin B Callanan
17 Accord Park Drive
Suite 101
Norwell, MA 02061
Phone: 781-878-1604
Fax: 781-878-3154
Active 02/24/2005 Notify

**Defendant**
Wearguard Corporation Inc
Service pending 02/24/2005

**Defendant**
Aramark Uniform and Career Apparel Inc
Service pending 02/24/2005

**Private Counsel 635688**
Brian H Lamkin
Edwards & Angell
101 Federal Street
Boston, MA 02110
Phone: 617-439-4444
Fax: 617-439-4170
Active 03/16/2005 Notify

**Defendant**
Jay Hess Jr
Service pending 02/24/2005

*** See Attorney Information Above ***

### ENTRIES

A TRUE COPY ATTEST

| Date | Paper | Text |
|---|---|---|
| 02/24/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 02/24/2005 | | Origin 1, Type B22, Track F. |

**Commonwealth of Massachusetts**
PLYMOUTH SUPERIOR COURT
Case Summary
Civil Docket

# PLCV2005-00225
## Beasley v Wearguard Corporation Inc et al

| Date | Paper | Text |
|------|-------|------|
| 03/16/2005 | | Case REMOVED this date to US District Court of Massachusetts by defts |
| | | Aramark Uniform and Apparel services inc and Jay hess jr. Atty. Brian |
| | | H. Lamkin |

| EVENTS |
|--------|

Plymouth County, where the plaintiff was employed by the defendants.

## Parties

5.  Plaintiff, Eric E. Beasley ("Beasley"), is a Black adult male, who resides at 14 Roland Road, Weymouth, Plymouth County, Massachusetts.

6.  Defendant, WearGuard Corporation ("WearGuard"), is a foreign corporation authorized to do business in Massachusetts with offices at Longwater Drive, Norwell, Plymouth County, Massachusetts.

7.  Defendant, Aramark Uniform and Career Apparel, Inc. ("Aramark"), is a foreign corporation authorized to do business in Massachusetts with offices at Longwater Drive, Norwell, Plymouth County, Massachusetts.

8.  Defendant, Jay Hess, Jr., ("Hess") was the Manager of Corporate Security for the defendant Aramark at all times relevant to this action.

## Facts

9.  WearGuard and Aramark operated a business employing 25 or more employees at Longwater Drive, Norwell, Massachusetts at all times relevant to this action.

10.  Beasley was employed by WearGuard and Aramark as a machine operator and a digitizer in Norwell from March 22, 1999 until November 17, 2003.

11.  Beasley was paid an hourly wage of $13.75 by WearGuard and Aramark.

12.  During his employment with WearGuard and Aramark, Beasley's work performance was satisfactory at all times.

13.  On or about November 5, 2003, while working on the 2 p.m. to

midnight shift, Beasley was called into a conference room at about 9:00 p.m. to meet Hess.

14.  Hess told Beasley he was conducting an investigation.

15.  During the meeting, Hess accused Beasley of selling drugs at work.

16.  When Beasley denied the accusation, Hess said: "Oh, come on, I know your kind loves to sell drugs."

17.  The words "your kind" used by Hess and directed to Beasley, a Black man, was an unmistakable racial slur.

18.  Hess also advised Beasley "to resign before we get you, because we will get you."

19.  At the conclusion of the meeting, Beasley returned to work.

20.  On or about November 6, 2003, when Beasley reported to work at about 2 p.m., he was called to a meeting with John Cummings ("Cummings"), Director of Security, and Kathy Gillis ("Gillis"), Director of Human Resources, in a conference room.

21.  Cummings and Gillis asked Beasley what he knew about an investigation of drug use and theft at work.

22.  When Beasley denied knowledge or involvement in drug use or theft at work, Gillis said she did not believe him.

23.  Gillis then told Beasley he was suspended indefinitely without pay and directed him to leave the premises immediately

24.  Beasley then told Cummings and Gillis he was offended by the accusations and would be humiliated to return to work after such false charges.

3

25.  Gillis then replied: "You don't have to worry; you probably won't be back."

26.  On or about November 17, 2003, at about 5 p.m., Beasley received a telephone call at home from Gail O'Connor ("O'Connor"), a WearGuard employee.

27.  O'Connor told Beasley that Gillis had asked her to call to tell Beasley he was terminated from employment effective from the day of his suspension.

28.  When Beasley asked O'Connor the reason for his termination, O'Connor replied it was for failure to abide by Company policy.

29.  When Beasley asked O'Connor what policy he failed to abide by, O'Connor said she could not tell him.

## COUNT I

(Violation of Chapter 151B, Sec. 4(1) against WearGuard)

30.  Beasley hereby incorporates, as if re-alleged, paragraphs 1 through 29 above.

31.  By and through the conduct of its agents Hess, Cumming, Gillis and O'Connor, WearGuard engaged in race discrimination in violation of Chapter 151B, Section 4 (1).

## COUNT II

(Violation of Chapter 151B, Sec. 4(1) against Aramark)

32.  Beasley hereby incorporates, as if re-alleged, paragraphs 1 through 31 above.

33.  By and through the conduct of its agents, Hess, Cummings, Gillis

4

and O'Connor, Aramark engaged in race discrimination in violation of Chapter 151B, Section 4 (1).

## COUNT III

### (Violation of Chapter 151B, Section 4 (4A) against Hess)

34.   Beasley hereby incorporates, as if re-alleged, paragraphs 1 through 33 above.

35. By his conduct toward Beasley, Hess coerced and intimidated Beasley in the exercise or enjoyment of his rights under Chapter 151B and thereby Hess violated Section 4 (4A) thereof.

## COUNT IV

### (Violation of Chapter 151B, Section 4 (5) against Hess)

36.   Beasley hereby incorporates, as if re-alleged, paragraphs 1 through 34 above.

37.   By his conduct toward Beasley, Hess aided and abetted WearGuard and Aramark in violating Chapter 151B and thereby Hess violated Section 4 (5) thereof.

## Prayer For Relief

38.   Wherefore, Beasley, prays that this Court:

(a)   declare the conduct of WearGuard, Aramark and Hess to be in violation of the Beasley's rights under Chapter 151B;

(b)   award Beasley the following damages:

(i)    lost wages and employee benefits

(ii)   damages for emotional distress;

5

(iii)     punitive damages

(iv)     award Beasley his costs and attorney's fees; and

(v)      grant such other relief as the Court may deem just.

### Jury Demand

39.  Beasley demands a jury to try all claims triable by a jury.

Respectfully submitted,

ERIC E. BEASLEY

By his attorney,

Kevin B. Callanan, BBO #070620
Law Office of Kevin B. Callanan
17 Accord Park Drive, Suite 101
Norwell, Massachusetts 02061
781-878-1604

Dated:   February 24, 2005

| CIVIL ACTION COVER SHEET | 05 - 0225-A | Trial Court of Massachusetts Superior Court Department County: **Plymouth** |
|---|---|---|

| PLAINTIFF(S) **Eric E. Beasley** | DEFENDANT(S) **Wearguard Corporation Inc., Aramark Uniform and Career Apparel, INC. and Jay Hess, Jr.** |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE **781-878-1604** **Kevin B. Callanan** **17 Accord Park Drive - Ste 101** **Norwell, MA 02061      #070620** Board of Bar Overseers number: | ATTORNEY (if known)      **617-951-2254** **Timothy P. Van Dyck** **Edwards & Angell** **101 Federal St., Boston, MA 02110** |

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | ( F ) | ( X ) Yes      ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
  2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
  3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
  4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
  5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
                                                                              Subtotal $ . . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . approx.$ 15,000.00
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
E. Reasonably anticipated future lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
F. Other documented items of damages (describe)
    emotional distress, attorney's fees & costs              approx.$ 125,000.00
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                              $ . . . . . . . . . . .
                                                                      TOTAL $ 140,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                                      TOTAL $. . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record      (Kevin B. Callanan)                    DATE: 02-24-05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# KEVIN B. CALLANAN

*ATTORNEY AT LAW*

17 ACCORD PARK DRIVE
SUITE 101
NORWELL, MASSACHUSETTS 02061

(781) 878-1604
FAX (781) 878-3154
e-mail: kbcallanan@msn.com

February 24, 2005

Civil Clerk's Office
Plymouth County Superior Court
72 Belmont Street
Brockton, Massachusetts 02301

Re:  Eric E.Beasley v. Wearguard Corporation Inc., Aramark Uniform
and Career Apparel, Inc. and Jay Hess, Jr.
Plymouth Superior Court Civil Action No.

Dear Sir/Madam:

Enclosed for filing with the Court, please find the following documents:

1.     Complaint and Jury Demand.

2.     Civil Action Cover Sheet

Also, enclosed is my check for the filing fee.

Thank you for you attention to this matter.

Very truly yours,

Kevin B. Callanan

Enclosures

| TRANSIT NUMBER | CHECK | CASH | NET AMOUNT | DATE | NAME | DESCRIPTION | DOCKET NO. |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

# THE COMMONWEALTH OF MASSACHUSETTS
CLERK - MAGISTRATE
PLYMOUTH DIVISION
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT
COURTHOUSE, 72 BELMONT ST.
BROCKTON, MA 02401

25035

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT



ERIC E. BEASLEY,

     Plaintiff,

v.

WEARGUARD CORPORATION, INC.;
ARAMARK UNIFORM AND CAREER
APPAREL, INC., and JAY HESS, JR.,

     Defendants

Civil Action No. 05-00325

## <u>NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT</u>

**TO:** **Eric E. Beasley, by and through his attorney, Kevin B. Callanan, 17 Accord Park Drive, Suite 101, Norwell, Massachusetts 02061**

Please take notice that on the 15th day of March, 2005, this action was removed from the Superior Court for Plymouth County to the United States District Court for the District of Massachusetts. A copy of the Notice of Removal filed in the United States District Court is attached hereto as Exhibit A.

ARAMARK UNIFORM AND APPAREL
SERVICES, INC., and JAY HESS, JR., [1]
Defendants,
By their attorneys,

Timothy P. Van Dyck (BBO No. 548347)
Brian H. Lamkin (BBO No. 635688)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444
(617) 439-4170 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2005, I caused a copy of the foregoing to be served by first-class mail on Kevin B. Callanan, Law Office of Kevin B. Callanan, 17 Accord Park Drive, Suite 101, Norwell, Massachusetts 02061, counsel for Plaintiff.

Brian H. Lamkin (BBO No. 635688)

---

[1]    Plaintiff also named "WearGuard Corporation, Inc." as a defendant in the state court complaint. There is no such entity. An entity known as "WearGuard Corporation" formerly was a Delaware corporation with its principal place of business in Pennsylvania. However, WearGuard Corporation merged into Defendant ARAMARK in the late 1990s, no longer exists, and has no capacity either to sue or to be sued. See Mass. Gen. Laws ch. 155, § 51 (corporation can only sue or be sued for three years following the termination of its existence).

BOS 480685.2/BLAMKIN

UNITED STATES DISTRICT COURT OFFICE
DISTRICT OF MASSACHUSETTS





ERIC E. BEASLEY,

    Plaintiff,

v.

ARAMARK UNIFORM AND CAREER
APPAREL, INC., and JAY HESS, JR.,

    Defendants

Civil Action No.

I hereby certify on 3 /15/05 that the
foregoing document is true and correct copy
☐ electronic docket in the captioned case
☐ electronically filed original filed on
☒ original filed in my office on 3/15/05
    Sarah A. Thornton
    Clerk, U.S. District Court
    District of Massachusetts
By:
Deputy Clerk

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, and for the sole purpose of removing this matter

to the United States District Court of the District of Massachusetts, Defendants ARAMARK

Uniform and Career Apparel, Inc. ("ARAMARK") and Jay Hess, Jr. ("Hess")[1] state as follows:

    **1.**    **State Court Action.**

Plaintiff Eric E. Beasley ("Beasley") filed this action against Defendants in the Superior

Court of the Commonwealth of Massachusetts for Plymouth County, Civil Action No. 05-0225,

alleging violations of Massachusetts General Laws Chapter 151B.

    **2.**    **Federal Jurisdiction.**

Plaintiff is a citizen of Massachusetts. Defendant ARAMARK is a Delaware corporation

with its principal place of business in Burbank, California. Defendant Hess is a citizen of

Pennsylvania. Plaintiff claims damages of One Hundred Forty Thousand Dollars ($140,000.00).

---

[1]    Plaintiff also named "WearGuard Corporation, Inc." as a defendant in the state court complaint. There is no such entity. An entity known as "WearGuard Corporation" formerly was a Delaware corporation with its principal place of business in Pennsylvania. However, WearGuard Corporation merged into Defendant ARAMARK in the late 1990s, no longer exists, and has no capacity either to sue or to be sued. See Mass. Gen. Laws ch. 155, § 51 (corporation can only sue or be sued for three years following the termination of its existence).

Therefore, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332, and removal to this Court is proper pursuant to 28 U.S.C. § 1441.

### 3.    Timeliness of Notice of Removal.

Defendant ARAMARK first received a copy of the Complaint on March 2, 2005. Defendant Hess has not yet received a copy of the Complaint. Removal of this action is, therefore, timely under 28 U.S.C. §1446(b).

### 4.    Relief Requested.

Defendants request that the United States District Court for the District of Massachusetts assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Defendant ARAMARK (Defendant Hess not having been served) are attached as Exhibit A. Certified copies of the entries in the Superior Court docket will be filed in connection with Defendant's Local Rule 81.1 Statement.

> ARAMARK  UNIFORM  AND  APPAREL
> SERVICES, INC., and JAY HESS, JR.,
> Defendants,
> By their attorneys,
>
>
> Timothy P. Van Dyck (BBO No. 548347)
> Brian H. Lamkin (BBO No. 635688)
> EDWARDS & ANGELL, LLP
> 101 Federal Street
> Boston, MA  02110
> (617) 439-4444
> (617) 439-4170 (fax)

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2005, I caused a copy of the foregoing to be served by first-class mail on Kevin B. Callanan, Law Office of Kevin B. Callanan, 17 Accord Park Drive, Suite 101, Norwell, Massachusetts 02061, counsel for Plaintiff.

Brian H. Lamkin (BBO No. 635688)

- 3 -

# EXHIBIT A

## COMMONWEALTH OF MASSACHUSETTS

**PLYMOUTH, ss.**

SUPERIOR COURT DEPARTMENT OF THE
TRIAL COURT OF THE COMMONWEALTH

CIVIL ACTION

NO. 05-0225

(L.S.) Eric E. Beasley .... ......., Plaintiff(s)

**vs.**

Aramark Uniform and
.............Career Apparel, Inc. .... ..., Defendant(s)

### SUMMONS

To the above-named defendant :

You are hereby summoned and required to serve upon ..Kevin B. Callanan
plaintiff    attorney, whose address is 17 Accord Pk. Dr., Norvell, MA 02061 an answer to the
complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You are also required to file your answer to the complaint in the
office of the Clerk of this court at Brockton either before service upon plaintiff    attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff    which arises out of the transaction or occurrence that is the subject
matter of the plaintiff    claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchia    Esquire, at Brockton, the .. ..... 24th .... day of
....February....., in the year of our Lord XXXXXXXXXXXXXXXXXXXXXX 2-005 .

Francis R. Powers

**CLERK.**

### NOTES

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To plaintiff's attorney: please circle type of action involved — Tort — Motor Vehicle Tort — Contract — Equitable Relief — Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ..... .... ... .... ...., 19    , I served a copy
of the within summons, together with a copy of the complaint in this action, upon the within-named
defendant    , in the following manner (See Mass. R. Civ. P. 4 (d) (1-5): .

.... .. ... .... ...................................................

.... ..... .... ...................................................    A TRUE COPY, ATTEST

3-2-05

Dated:    , 19    DEPUTY SHERIFF

N.B.   TO PROCESS SERVER:—

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX **ON** THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

, 19

**NOTICE TO DEFENDANT** — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office at Brockton.

Form 1

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Eric E. Beasley
(Plymouth County)

**DEFENDANTS** FILED
IN CLERKS OFFICE

ARAMARK UNIFORM AND APPAREL SERVICES, INC.; JAY HESS, JR.

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

U.S. DISTRICT COURT
DISTRICT OF MASS.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Kevin B. Callanan
Law Office of Kevin B. Callanan
17 Accord Park Drive, Suite 101
Norwell, Massachusetts 02061
(781) 878-1604

0 5 1

Attorneys (If Known)

Timothy P. Van Dyck & Brian H. Lenkin
Edwards & Angell LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 439-4444

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury— Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY** | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Removal of Plaintiff's claim under Massachusetts General Laws Chapter 151B, based on diversity. 28 U.S.C. 1332.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23   $140,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY   (See instructions):

NONE   JUDGE _____ DOCKET NUMBER _____

DATE   3/15/05   SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)  Eric E. Beasley v. ARAMARK Uniform and Career Apparel, Inc.,
    et al.

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See
    local rule 40.1(a)(1)).

    [ ]  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [✓]  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

    [ ]  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

    [ ]  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870,*871, 875, 900.

    [ ]  V.    150, 152, 153.

3.  Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in
    this district please indicate the title and number of the first filed case in this court.

    NONE

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                            YES [ ]    NO [✓]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
    28 USC §2403)

                                            YES [ ]    NO [✓]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                            YES [ ]    NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                            YES [ ]    NO [ ]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
    40.1(d)).

                                            YES [✓]    NO [ ]

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [✓]       Central Division [ ]       Western Division [ ]

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
        agencies, residing in Massachusetts reside?

        Eastern Division [ ]       Central Division [ ]       Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If
    yes, submit a separate sheet identifying the motions)

                                            YES [ ]    NO [✓]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Timothy P. Van Dyck (BBO No. 548347); Brian H. Lamkin (BBO No. 635688)

ADDRESS  Edwards & Angell, LLP, 101 Federal Street, Boston, MA 02110

TELEPHONE NO.  (617) 439-4444

(Coversheetlocal.wpd - 10/17/02)