UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC E. BEASLEY,<br><br>    Plaintiff,<br><br>v.<br><br>ARAMARK UNIFORM AND CAREER APPAREL, INC., and JAY HESS, JR.,<br><br>    Defendants | Civil Action No. 05-cv-10496-NMG |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants ARAMARK Uniform & Career Apparel, Inc. ("ARAMARK"), and Jay Hess, Jr. ("Hess"),[1] by and through their undersigned attorneys, answer the Complaint of Plaintiff Eric E. Beasley ("Beasley") as follows:

1.  Defendants admit that Plaintiff has asserted claims under Massachusetts General Laws, Chapter 151B ("Chapter 151B") for alleged race discrimination, and that Plaintiff is seeking compensatory and punitive damages. Defendants deny that they have violated Chapter 151B, that that they have any liability to Plaintiff, or that Plaintiff is entitled to any damages.

2.  Defendants admit that Plaintiff has brought this action under Chapter 151B, Section 9. Defendants deny that they have violated Chapter 151B, that that they have any liability to Plaintiff, or that Plaintiff is entitled to any damages.

3.  Defendants admit that Plaintiff filed a timely complaint against the Defendants with the Massachusetts Commission Against Discrimination (MCAD Docket No. 04-BEM-

---

[1] Plaintiff also named "WearGuard Corporation, Inc." as a defendant in the state court complaint. There is no such entity. An entity known as "WearGuard Corporation" formerly was a Delaware corporation with its principal place of business in Pennsylvania. However, WearGuard Corporation merged into Defendant ARAMARK in the late 1990s, no longer exists, and has no capacity either to sue or to be sued. See Mass. Gen. Laws ch. 155, § 51 (corporation can only sue or be sued for three years following the termination of its existence).

00202), and admit that Plaintiff has met all administrative prerequisites for bringing Counts I, II, and IV of this action. Defendants deny all remaining allegations in paragraph 3 of the Complaint.

4. Defendants admit that venue is proper in the United States District Court for the District of Massachusetts; that Plaintiff's alleged claims arose in Plymouth County, Massachusetts; and that Plaintiff was employed in Plymouth County, Massachusetts by ARAMARK. Defendants deny all remaining allegations in paragraph 4 of the Complaint.

5. Defendants admit that Plaintiff is a black adult male. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint.

6. Defendants deny the allegations in paragraph 6 of the Complaint.

7. Defendants admit the allegations in paragraph 7 of the Complaint.

8. Defendants admit the allegations in paragraph 8 of the Complaint.

9. Defendants admit that ARAMARK operated a business employing 25 or more employees at Longwater Drive, Norwell, Massachusetts at all times relevant to this action. Defendants deny all remaining allegations in paragraph 9 of the Complaint.

10. Defendants admit that Beasley was employed by ARAMARK, first as a machine operator and later as a digitizer, in Norwell from March 22, 1999, until November 17, 2003. Defendants deny all remaining allegations in paragraph 10 of the Complaint.

11. Defendants admit that Beasley was paid an hourly wage by ARAMARK, and admit that during part of his employment his hourly wage was $13.75. Defendants deny all remaining allegations in paragraph 11 of the Complaint.

12. Defendants deny the allegations in paragraph 12 of the Complaint.

13. Defendants admit the allegations in paragraph 13 of the Complaint.

14. Defendants deny the allegations in paragraph 14 of the Complaint.

15. Defendants deny the allegations in paragraph 15 of the Complaint.

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants deny the allegations in paragraph 17 of the Complaint.

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Defendants admit the allegations in paragraph 20 of the Complaint.

21. Defendants admit the allegations in paragraph 21 of the Complaint.

22. Defendants admit that Plaintiff denied knowledge or involvement in drug use or theft at work. Defendants deny all remaining allegations in paragraph 22 of the Complaint.

23. Defendants admit that Gillis told Plaintiff he was suspended, and admit that Gillis requested Plaintiff to leave the premises. Defendants deny all remaining allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants admit the allegations in paragraph 26 of the Complaint, except Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that the call was received "at about 5 p.m." Further answering, Defendants state that the referenced employee's correct name is Gayle O'Connell, not Gail O'Connor.

27. Defendants admit that O'Connell told Beasley that Gillis had asked her to call to tell Beasley he was terminated from employment. Defendants deny all remaining allegations in paragraph 27 of the Complaint.

28. Defendants admit the allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

COUNT I
(Violation of Chapter 151B, Sec. 4(1) against WearGuard)

30. Defendants incorporate by reference the preceding paragraphs 1 through 29 as if set forth fully herein.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

COUNT II
(Violation of Chapter 151B, Sec. 4(1) against Aramark)

32. Defendants incorporate by reference the preceding paragraphs 1 through 31 as if set forth fully herein.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

COUNT III
(Violation of Chapter 151B, Sec. 4(4A) against Hess)

34. Defendants incorporate by reference the preceding paragraphs 1 through 33 as if set forth fully herein.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

COUNT IV
(Violation of Chapter 151B, Sec. 4(5) against Hess)

36. Defendants incorporate by reference the preceding paragraphs 1 through 35 as if set forth fully herein.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

Prayer for Relief

38. Defendants deny that Plaintiff is entitled to any of the relief he seeks.

Jury Demand

39. Defendants admit that, in general, claims under Massachusetts General Laws Chapter 151B are triable to a jury if all administrative prerequisites have been met. Defendants deny that Plaintiff has or has stated any claim against Defendants, and deny that Plaintiff can present sufficient evidence for his claims to be submitted to a jury.

**AFFIRMATIVE DEFENSES**

1. The Complaint, and each and every count thereof, fails to state a claim upon which relief can be granted.

2. This Court lacks personal jurisdiction over Defendant Hess.

3. Count III of the Complaint is barred by waiver.

4. Count III of the Complaint is barred by estoppel.

5. Count III of the Complaint is barred by Plaintiff's failure to exhaust his administrative remedies.

6. Plaintiff's employment was at-will and could be terminated by either party, at any time, for any reason or for no reason, and with or without notice.

7. Plaintiff's claims are barred because he was not performing his job at an acceptable level.

8. Plaintiff's claims are barred because he was not treated differently from similarly situated employees of a different race than Plaintiff.

9. Plaintiff's claims are barred because Defendants' actions were motivated by legitimate, non-discriminatory business purposes at all times.

10. Plaintiff's employment was terminated solely as a result of his own misconduct.

11. Plaintiff's claims are barred by his unclean hands.

12. The Plaintiff's claims for damages are barred to the extent he has failed to mitigate his damages.

13. If the Plaintiff has suffered any damages (which Defendants deny), such damages do not result from any conduct by or attributable to the Defendants.

WHEREFORE, Defendants respectfully request that the Complaint, and each and every count thereof, be dismissed with prejudice; that Defendants be awarded the costs of this action; that Defendants be awarded their reasonable attorneys' fees incurred in defending against Plaintiff's frivolous claims; and that the Court award such other and further relief as it deems proper.

ARAMARK UNIFORM & CAREER APPAREL, INC., and JAY HESS, JR.,
Defendants,
By their attorneys,

/s/ Brian H. Lamkin
Timothy P. Van Dyck (BBO No. 548347)
Brian H. Lamkin (BBO No. 635688)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA  02110
(617) 439-4444
(617) 439-4170 (fax)